ELLA F. DALY *vs.* THE LEWISTON & AUBURN CHILDREN'S HOME, et al.

Androscoggin.   Opinion August 20, 1915.

*Non- User.   Occupation.   Payment of Taxes.   Possession.   Real Action. Seizin.   Tenants.   Title.*

In order to gain title by adverse possession, it must be not only open and notorious, but also continuous.

The payment of taxes is not possession nor evidence of possession.

The Statutes, R. S., Chap. 106, Sec. 4, provide that the demandant in a writ of entry need not prove an actual entry under his title, but proof that he is entitled to such an estate in the premises as he claims, and that he has a right of entry therein is sufficient proof of seizin.   This right of entry can be defeated by adverse possession only by showing such possession for some requisite period prior to the date of the writ.

A title, otherwise good, is not defeated by mere non-user.

On motion by defendants for new trial.   Motion overruled.

This is a real action to recover a certain lot of land, described in writ as lot numbered eighty (80) according to plan of William Garcelon, November 20, 1863, situate in Lewiston in the County of

Androscoggin. Plea, the general issue. The jury returned verdict for plaintiff. Defendants filed a motion for new trial.

The case is stated in the opinion.

*McGillicuddy & Morey*, for plaintiff.

*W. H. Judkins*, for defendant.

SITTING: SAVAGE, C. J., SPEAR, KING, BIRD, HALEY, HANSON, JJ.

BIRD, J. This is a writ of entry brought for the recovery of a lot of land in Lewiston. It is admitted that title to the tract of land, in which the lot in question is included, was in the grandfather of plaintiff from whom it descended to her father; that by the last will and testament of the latter, who died in 1872, the plaintiff and her brother were the joint devisees of all his real estate and that upon the decease of the brother, during his minority, the title to the entire property was in plaintiff. There was evidence tending to prove that plaintiff was without knowledge of, or uncertain as to, her title until a few years before suit brought and also that plaintiff paid none of the taxes assessed upon the locus but that they were paid for many years by the predecessors in title of defendants in the adjoining lot. The locus is substantially in its natural state, ungraded, and has never been enclosed by fences. At one time a fence extended across its rear line, erected by the owner of the land then adjoining it, but this fence has not been in existence for twenty-five or thirty years.

The lot of land adjoining the locus was owned by one Dennett as early as 1874 when he built a house upon it which, during his lifetime, was in occupation of his tenants. After his decease, his heirs in the year 1906 conveyed both lots by warranty deed to one Whittier under whose will, executed in 1911, defendants claim title. There was evidence tending to prove that sundry of the tenants of the predecessors in title of defendants occupied the lot, or part of it, the recovery of which is sought, in various years either as a vegetable or flower garden or for games and sports. The plea was the general issue. The verdict below was for the plaintiff and the case is now here upon defendants' motion for new trial.

We think the verdict must stand. While such possession of the locus as was had by the tenants of the predecessors in title of the defendants in the adjoining, or Dennett, lot was apparently open and notorious, the jury was warranted in finding upon the evidence

that it was not continuous. *Smith* v. *Booth Brothers*, 112 Maine, 297, 306; See *Little* v. *Megquier*, 2 Maine, 176, 178. It is probably true that Dennett and his devisees told their tenants, or some of them, that they might occupy the locus and that for part of the time, some did, the whole in some years and part in others, yet the testimony falls far short of showing occupation in each year and does show intervals of one, two and more years, when the tenants were not in occupation of any part of it. See *Brackett* v. *Persons unknown*, 53 Maine, 228, 232.

The payment of taxes is not possession nor evidence of possession. "The payment of taxes may be admissible as tending to show that the party paying claimed the property, as in cases of alleged adverse possession; or if the party is in occupation, as tending to show the character of the occupation. But it is not evidence of possession." *Smith* v. *Booth Brothers*, 112 Maine, 297, 308.

The suggestion that there was a deed from Nash to Dennett, is not supported by any direct evidence. See *Day* v. *Philbrook*, 89 Maine, 462, 467; See also *Liberty* v. *Haines*, 103 Maine, 182, 192. Nor upon the evidence of adverse possession in this case, can a deed or release be presumed. *Adams* v. *Hodgkins*, 109 Maine, 361, 367.

It is the urgent contention of the defendants that the plaintiff shows no seizin. By Sec. 4, Chap. 106, R. S., it is provided, however, that the demandant in a writ of entry need not prove an actual entry under his title, but proof that he is entitled to such an estate in the premises as he claims, and that he has a right of entry therein is sufficient proof of seizin. The defendants have failed to show loss of plaintiff's right of entry by adverse possession for any period of twenty years prior to the date of her writ. See R. S., Chap. 75, Sec. 1; *Austin* v. *Stevens*, 24 Maine, 520, 526-7; *Morse* v. *Sleeper*, 58 Maine, 329, 335; *Mitchell* v. *Persons unknown*, 59 Maine, 448, 450; *Hewes* v. *Coombs*, 84 Maine, 434, 435, 436.

The title of plaintiff is not affected by mere non-user, and unless there is shown against her some adverse possession or loss of title in some of the ways recognized by law, she may rely on the existence of her property with full assurance that when occasion arises for its use and enjoyment she will find her rights therein absolute and unimpaired. *Adams* v. *Hodgkins*, 109 Maine, 361, 366.

The motion must therefore be overruled.

*Motion overruled.*